[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-15223
Non-Argument Calendar
_____

D.C. Docket No. 5:16-cv-00063-WTH-PRL


WAYNE EDWARD DRIGGERS,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 30, 2020)


Before LUCK, FAY, and EDMONDSON, Circuit Judges.

PER CURIAM:

Wayne Driggers, a Florida prisoner proceeding pro se,[1] appeals the district court's denial of his 28 U.S.C. § 2254 petition for writ of habeas corpus.  Driggers seeks to vacate his 2012 Florida convictions for attempted sexual battery of a child under 12 years' old and for lewd and lascivious exhibition.  No reversible error has been shown; we affirm.[2]

Driggers was found guilty after a jury trial.  The state court sentenced Driggers to a total of 35 years' imprisonment.  Driggers's convictions and sentence were affirmed on direct appeal.  See Driggers v. Florida, 121 So.3d 1058 (Fla. Dist. Ct. App. 2013) (unpublished table decision).

Driggers filed a state habeas petition challenging his convictions and sentence.  The state habeas court denied Driggers relief after conducting an evidentiary hearing.  The state appellate court affirmed.  See Driggers v. Florida, 179 So.3d 336 (Fla. Dist. Ct. App. 2015) (unpublished table decision).

---

[1] We construe liberally pro se pleadings.  See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

[2] Driggers's motion to file a reply brief out of time is GRANTED.

Driggers timely filed this federal habeas petition. The district court dismissed the petition on the merits. We granted a certificate of appealability on this issue: "Whether the district court erred by denying Claims 1 and 4 of Mr. Driggers's 28 U.S.C. § 2254 habeas corpus petition, after determining that he failed to show that the state court's rejection of those claims was contrary to, or an unreasonable application of, Strickland v. Washington, 466 U.S. 668 (1984)."

When reviewing the district court's denial of a section 2254 habeas petition, "we review questions of law and mixed questions of law and fact de novo, and findings of fact for clear error." Rambaran v. Sec'y, Dep't of Corr., 821 F.3d 1325, 1330 (11th Cir. 2016).

Under 28 U.S.C. § 2254, when the merits of a habeas claim have been already adjudicated in state court, our review is highly deferential to the state court. Crowe v. Hall, 490 F.3d 840, 844 (11th Cir. 2007). To obtain habeas relief, Driggers must show that the state court's ruling "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or . . . was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Crowe, 490 F.3d at 844. Moreover, the state court's findings of fact "shall be presumed to be correct" and the habeas

3

petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." See 28 U.S.C. § 2254(e)(1).

When -- as in this case -- the state appellate court affirms without an opinion, we "'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale," and "presume that the unexplained decision adopted the same reasoning." See Wilson v. Sellers, 138 S. Ct. 1188, 1192 (2018).

To prevail on a claim of ineffective assistance of counsel, a section 2254 petitioner must show that (1) his lawyer's performance was deficient and that (2) he suffered prejudice as a result of that deficient performance. Strickland v. Washington, 466 U.S. 668, 687 (1984).

Under the first part of Strickland, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness." Id. at 687-88. Our review of counsel's performance is "highly deferential": a "strong presumption" exists that "counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

To show prejudice under Strickland, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

4

proceeding would have been different." Id. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

When the deferential standard for judging a lawyer's performance is "combined with the extra layer of deference that § 2254 provides, the result is double deference and the question becomes whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Evans v. Sec'y, Fla. Dep't of Corr., 699 F.3d 1249, 1268 (11th Cir. 2012) (quotations omitted). "Double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding." Id.

Applying the deferential standards under section 2254 and Strickland, we now consider whether the state habeas court acted "contrary to" clearly established federal law or relied on an unreasonable determination of the facts when it rejected Driggers's ineffective-assistance-of-counsel arguments asserted in Claims 1 and 4.

Claim 1:

In Claim 1, Driggers alleged that his trial lawyer (M.J.) rendered ineffective assistance by failing to present evidence at trial that Driggers had "obvious" and

5

"impossible to miss" tattoos on his penis. Driggers says this evidence would have undermined the victim's credibility because the victim testified at trial that she had seen Driggers's penis on multiple occasions but that she had never seen tattoos on his penis.

The state habeas court denied relief on this ground. The state court held an evidentiary hearing during which M.J. testified that -- in preparation for trial -- he hired a private investigator to photograph Driggers's tattoos. By the time of trial, M.J. had the photographs, had disclosed the photographs to the state, and had listed the private investigator as a potential witness.

M.J. also testified, however, that he believed that admitting the photographs into evidence would be "extremely offensive" to the jury. M.J. said he discussed the offensive nature of the photographs with Driggers and with Driggers's brother and that Driggers agreed not to admit the photographs.

The state habeas court concluded that not introducing the tattoo evidence "was clearly a strategic decision" made by M.J. and that Driggers had failed to show that "no competent attorney would have made the same decision." Given other evidence of Driggers's guilt, the state court also determined that Driggers had failed to show that the introduction of the tattoo evidence would have altered the outcome of the trial.

6

We review under a "clear and convincing evidence standard" the state court's factual determination that M.J.'s decision not to introduce the tattoo evidence was one of strategy.  See Kimbrough v. Sec'y, Fla. Dep't of Corr., 565 F.3d 796, 804 (11th Cir. 2009).  We review de novo the state court's legal conclusion about whether M.J.'s tactical decision was reasonable.  See id.  We have recognized that "[i]t is especially difficult to succeed with an ineffective assistance claim questioning the strategic decision to trial counsel who [was] informed of the available evidence."  Nance v. Warden, Ga. Diagnostic Prison, 922 F.3d 1298, 1302 (11th Cir. 2019).

The record supports the state habeas court's conclusion that M.J. made a reasonable strategic decision not to introduce the photographs or testimony about Driggers's penis tattoos.  M.J. had taken the necessary steps to investigate and to introduce the tattoo evidence but decided -- after considering the available evidence and discussing the issue with Driggers -- that the photographs would be unduly offensive to the jury.  We have said that decisions about what issues to pursue and what witnesses to call during trial "are, without a doubt, strategic."  See Nance, 922 F.3d at 1302-03.  M.J. also believed the photographs and testimony of the private investigator would have little impeachment value absent evidence establishing that the tattoos had in fact been present at the time of the charged

7

offenses.  M.J.'s professional assessment that the offensive nature of the tattoo evidence outweighed the evidence's potential beneficial value was not objectively unreasonable.

On this record, we cannot say that the state habeas court's ruling on Claim 1 was contrary to or an unreasonable application of clearly established law or based on an unreasonable determination of the facts.

Claim 4:

In Claim 4, Driggers alleged that his trial lawyer performed deficiently by failing to inform him adequately about his right to testify on his own behalf.

The state habeas court denied this ground for relief.  At the evidentiary hearing, Driggers testified that M.J. never discussed with him whether he should testify in his own defense.  M.J. testified that he could not recall specifically discussing this issue with Driggers.  But M.J. testified that he "always" talks with his clients -- both before trial and during trial -- about whether they wanted to testify and about the advantages and disadvantages of taking the stand.  M.J. said he would have discussed with Driggers the likely difficulty Driggers would have

8

answering questions about both the victim's testimony and the testimony of a second witness about an earlier similar incident involving Driggers.

The state habeas court said that "[a]lthough [M.J.] had no independent recollection of the conversation, his testimony was unwavering that he would have discussed these matters with the defendant." To the extent Driggers's testimony conflicted with M.J.'s testimony, the state habeas court found that M.J.'s testimony was more credible: a finding based on the state judge's observations during the evidentiary hearing of each witness's demeanor and memory.

In the alternative, the state habeas court also determined that -- even if it found Driggers credible and accepted Driggers's testimony as true -- Driggers failed to demonstrate prejudice under Strickland. The state court described Driggers as having testified during the evidentiary hearing that "had he been informed of his rights concerning testifying at trial, he did not know if he would have testified or not; rather, he could have made an informed decision." Based on this testimony and other evidence of Driggers's guilt, the state habeas court concluded that Driggers could not show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

9

The state habeas court's decision was neither contrary to or an unreasonable application of <u>Strickland</u> or based on an unreasonable determination of the facts. Even assuming (without deciding) that M.J. performed deficiently and failed to advise Driggers of his right to testify, Driggers has demonstrated no reasonable probability that -- but for that error -- he would have been found not guilty.

To prove prejudice, Driggers would have to show two critical components: (1) that he would in fact have testified in his own defense had he been informed adequately about his right to do so, and (2) that his proposed testimony would have altered the outcome of the trial. In the light of Driggers's sworn testimony that he was unsure whether or not he would have testified, Driggers cannot satisfy his burden of showing prejudice.

Nor has Driggers shown a reasonable probability that his proposed testimony -- describing his penis tattoo and asserting that the tattoo was present before he met the victim -- would have altered the outcome of the trial. Driggers says his proposed testimony would have damaged the victim's credibility. But the record shows that M.J. did challenge the victim's credibility by introducing evidence that the victim had given conflicting statements to authorities, used language not consistent with her age, and reported Driggers's conduct only after she got in trouble with her parent. Moreover, Driggers's proposed testimony

10

would not have rebutted the victim's testimony describing the details of Driggers's offense conduct or called into question the non-victim witness testimony that Driggers had engaged in similar conduct with her.

Because Driggers failed to demonstrate that he was prejudiced by M.J.'s purportedly deficient performance, he is unentitled to habeas relief on this claim.

The district court committed no error by determining that the state habeas court applied reasonably the Strickland standard.  We affirm the denial of Driggers's 28 U.S.C. § 2254 petition.

AFFIRMED.

11